IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 21-177 (CRC) |
| | ) | |
| | ) | |
| DANIEL D. EGTVEDT, defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE  TO DEFENDANT'S MOTION TO SUPPRESS**

The Government misstates the evidence and the evidence it does discuss is questionable.  Here, the government has created their own search incident to arrest which is not permissible under the 4th Amendment.

A.     The facts

The government makes arguments without a foundation and misstates the facts. For example, on page 5 of their response, they state "Egtvedt...fell backwards to the floor" when it's clear from the video that he was pushed by the officers. Mr. Egtvedt also asked for medical assistance though the government says he declined it-twice. However, they give the Court no reference to any BWC because there is none, and if there is, they haven't provided it to the defense. They also omitted the part where two officers picked up 320 pound Mr. Egtvedt and threw him out the doors. Not surprisingly, the defense observes a different version of the facts.1

B.     The cell phone

Here, the government has created their own exception to the 4th amendment. It is

_____

1 The government points out that defense counsel was mistaken in her belief that Mr. Egtvedt went out the doors. In

alleged by the government that Mr. Egtvedt asked for his phone and that the State Trooper

gave it to him after he was removed from his vehicle and handcuffed and that later when he

was being booked, it was taken off of his person. *See* response, pps. 7-8. The government

doesn't tell the Court what happened to the phone after the Trooper allegedly put it in Mr.

Egtvedt's pocket.2  If this is in fact true, the government has created their own search incident

to arrest, which is not permissible.  Moreover, there is no evidence that State Troopers knew of

the cell cite evidence cited by the government, only a bald assertion that law enforcement

knew.3 And "in or near the Capitol" does not mean Mr. Egtvedt was in the Capitol.

The government continues its argument by saying that there was probable cause for the

warrant because Agent Smith-Shimer observed video footage of January 6  "showing

individuals…using their mobile devices." *Id.* at p. 14. This is irrelevant unless the videos showed

Mr. Egtvedt using his phone, which it doesn't. The Parler videos the government cites do not

show the defendant using a cell phone either so the obvious conclusion after seeing him in

several videos without a cell phone is that he didn't have one with him at that time, especially

since there are so many photographs of others with phones. *Id.* at. 15. The agent in his warrant

affidavit for the phone inserts multiple photos in support of probable cause, but when it comes

to what would be the piece de resistance, a photo of Mr. Egtvedt himself allegedly holding a

phone, there is no photo, just the declaration that he had one. *Id.* at paragraph 60. Again, this is

not enough for probable cause to be established.  Finally, the government argues that others on

January 6 used their phones to contact others. *See* paragraph 71, Ex. 1.  There is no evidence

---

Video #0177, he walks out of the frame  and out of view for about 20 seconds towards the doors. It matters not
whether he walked outside and then came back in or whether he just turned around and reversed course.
2 Defense counsel has requested an evidence log.
3 Undersigned counsel has not been given the opportunity to inspect "phone number 2." She expects the government

that Mr. Egtvedt went with anyone to the Capitol on January 6, 2021. In fact, on the contrary, the evidence they had at the time the warrant was issued shows he was by himself, yet they failed to include that evidence in the warrant.

  C.  The statements

  Mr. Edgtvedt was arrested immediately upon exiting his vehicle yet no one read him his rights. Not ever.  The agent should have read him his Miranda warning before he showed him the video-an action that a law enforcement officer should know would elicit a response.  *See Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)(conversation between officers not direct questioning)9. Mr. Egtvedt was clearly not free to leave when he made statements to law enforcement officers at his brother's home. The government states that his rights were read to him when taken before the magistrate, but there is no proof offered of that. See ECF # 54, p. 16. The government has not produced any record of him being read his rights before any magistrate.  And even if he did, the fact remains that Mr. Egtvedt was arrested and taken to jail without any of his medication or his C-pap machine which helped him breath.4  This surely affected his voluntary, intelligent and knowing mental state. Therefore, the letters he wrote were not voluntary, intelligent or knowing.  Moreover, he had no prior interaction with the criminal justice system and thus no idea what his rights were. As this Court knows, many criminal defendants with no college degree have a keen sense of the criminal justice system due to their past criminal history.

  The defense has received additional law enforcement reports from the government after the filing of the defendant's original motion to suppress. The defense suspects there will

_____

will make all evidence available in the near future.

be more evidence forthcoming.  The defense also received additional video footage-five videos, in March, 2022, subsequent to this Court setting the trial date, even though this Court asked the government point blank if they had turned over all evidence pertaining to Mr. Egtvedt and they responded yes.

The defense stands on the original filing.  The defense intends to argue that even if the Court finds the statements admissible, they are inadmissible under a FRE 403 balancing analysis which will be the subject of a motion in limine due April 25, 2022.

Respectfully submitted,

KIRA ANNE WEST

By:      _____/s/_____
Kira Anne West
DC Bar No. 993523
712  H Street N.E., Unit  509
Washington, D.C.  20002
Phone:  202-236-2042
kiraannewest@gmail.com

CERTIFICATE OF SERVICE

I hereby certify on the 22nd day of April,  2022 a copy of same was delivered to the parties of record, by email,  pursuant to the Covid standing order and the  rules of the Clerk of Court.

_____/S/_____
Kira Anne West

---

4 Defense counsel will file this medical information under seal if the Court requests same.