IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) **Criminal No. 1:22-cr-000177 (CRC)** |
| **DANIEL EGTVEDT,** | ) |
| **DEFENDANT.** | ) |

### DEFENDANT'S MOTION IN LIMINE

COMES NOW, Defendant, Dan Egtvedt, by undersigned counsel, and respectfully moves in limine to exclude certain evidence and states the following in support:

As an initial matter, the defendant moves in limine to exclude all evidence and statements that are the subject of the previously filed motion to suppress statements and evidence. This would also include photographs of what Mr. Edgvedt wore the day before January 6th and any hotel receipts. The defense will stipulate that Mr. Egtvedt was in the District on January 5th, 2021. With regard to the statements and evidence, under Federal Rule of Criminal Procedure 403, this evidence is not more probative than prejudicial and should be excluded. In addition, any of Mr. Edgtvedt's medical conditions other than the concussion he suffered at the hands of police officers should be excluded under FRE 403 grounds.

1. BWC and CCTV videos

The parties have not exchanged exhibits yet and therefore undersigned counsel believes there may be an addendum to this motion in limine. However, the defense believes the government will offer exhibits of videos and still shots of various video that will have certain captions. For example, there are a series of Capitol Police security camera video recordings to which characterization has been added in captions, including "Rioters Approach," "Breach," "Confrontation," "Police Line," etc. Mr. Egtvedt objects to the inclusion of characterization, but he would not object to just time and location in the captions. In support, he states:

1. Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c).

2. The term "statement" includes both oral and written assertions. Fed. R. Evid. 801(a).

3. Hearsay evidence is inadmissible unless authorized by another rule or statute. Fed. R. Evid. 802.

4. "Hearsay is generally inadmissible as evidence because it is considered unreliable." *United States v. Lozado*, 776 F.3d 1119, 1121 (10th Cir. 2015) (*citing Williamson v. United States*, 512 U.S. 594, 598 (1994)).

5. The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. The Clause precludes the government from introducing even otherwise admissible hearsay. *Crawford v. Washington*, 541 U.S. 36 (2004).

6. While the time and location of a video recording might not be hearsay or generate a Confrontation Clause problem, statements such as "Rioters Approach," "Breach," "Confrontation," "Police Line," etc. do, because they are testimonial.

7. Opinion testimony is not helpful to the jury, if the opinion is one that the witness is in no better position to render than the jurors themselves. *United States v. Garcia-Ortiz*, 528 F.3d 74, 79–80 (1st Cir. 2008); *United States v. Wantuch*, 525 F.3d 505,514 (7th Cir. 2008).

8. Nor should opinion testimony usurp the fact-finding rold of the jury. *United States v. Garcia,* 413 F.3d 201, 210-11 (2d Cir. 2005); *United States v. Grinage*, 390 F.3d 746, 750-51 (2d Cir. 2005).

    2. Cell cite evidence

The defense expects the government to introduce evidence regarding cell cite location yet has received no evidence regarding towers, locations, etc. Thus, as of the initial deadline for filing motions *in limine*, the government had not provided any Rule 16 notice about the methodology or accuracy of Google- or Cellebrite-downloaded location data, which is produced using entirely different technologies than the CDR and cell-tower location evidence. As another district court held last year, there are material differences between cell tower location evidence using CDRs and Google-generated location data using WiFi signals; and under Federal Rule of Evidence 901, expert testimony is needed to establish the admissibility of Google location data. *See United States v. Crawford*, No. 19-CR-170-A, 2021 WL 2367592, *3 (W.D.N.Y. Jan. 14, 2021), *report and recommendation adopted*, 2021 WL 1730875 (May 3, 2021). Undersigned counsel will confer with the government in this regard but at this juncture objects to any expert cell cite testimony and any evidence of location monitoring.

    3. Video montage exhibits

The government has created two video montage exhibits for use in every trial concerning January 6. A great deal of time and money was spent creating the videos judging by their relatively high production values for government work. Defense counsel believes the government may use this exhibit known as the U.S. Capitol Police Montage, in this case. It runs over 20 minutes in length. The purpose of the exhibit is to walk the

factfinder through a highlight reel of the most inflammatory moments of January 6 caught on film in dozens of places around the Capitol. It depicts image after image of property destruction, confrontations with law enforcement, and assault. The government aims to play this one-size-fits-all montage in every trial, regardless of whether the defendant: was involved in or even saw any of the depicted episodes, entered the Capitol, confronted or disobeyed law enforcement, or committed or aided and abetted the property destruction or assaults depicted in the montage.

  To analyze the U.S. Capitol Police Montage through the rubric of the Federal Rules of Evidence is to miss a larger point. The montage is not merely improper evidence; it invites the Court to ignore the basic criminal law principle forbidding collective punishment, that defendants are to be judged as individuals. It is reminiscent of the "Ludovico Technique" in the film A Clockwork Orange, where technicians require the captive protagonist to watch uninterrupted violence montages in order to condition his beliefs.

  The Court knows what happened on January 6 generally and in this case having presided over the detention appeal and other cases. Defense counsel does not believe (though she hasn't seen what the government intends to introduce) defendant was involved in any of the U.S. Capitol Police Montage's constituent clips. He did not steal anything, destroy property, or assault anyone. He did not incite or aid and abet those activities. Slickly produced videos of those things are therefore irrelevant in this case and confuse the issues. The exhibit also causes undue delay, is a waste of time, and needlessly presents cumulative evidence. It would cut into defendant's cross-examination time and therefore

prejudice his Sixth Amendment right to confront the witnesses against him on the actual issues involved in this case.

Like the U.S. Capitol Police Montage, the Official Proceeding Montage is an off-the-rack suit, designed for use in every January 6 trial regardless of the facts or allegations in the particular case. Its function is to explain to the factfinder the constitutional basis for the joint session of Congress on January 6, describe the Elector Clause of and the Twelfth Amendment to the Constitution, and to show the President of the Senate and the Speaker of the House gaveling the joint session in and out of recess on January 6.  The Official Proceeding Montage is irrelevant here because defendant's charges do not turn on Twelfth Amendment and Elector Clause niceties. The Court does not need to be educated on these points which just confuse the issues. Even if the exhibit were somehow marginally relevant, any probative value would be substantially outweighed by undue delay, waste of time, and needless presentation of cumulative evidence.

Defendant does dispute that he himself "participated in storming the Capitol building." The transitive verb "storm" means to "attack, take, or win over by storm//storm a fort." (Webster's Online Dictionary) Defendant entered the Capitol peacefully, without using destructive means (e.g., the breaking of windows or doors), and he did not assault property or persons while inside the building, despite what the government alleges. Images from the event accurately depict the storming of the building by others; the defendant was not one of them.[1]

4. Other violence

---

[1] Defense counsel believes this motion will be refiled with additional objections after the parties trade exhibits.

5

Again, defense counsel will object to any evidence that improperly inflames the jury, such as Officer Fanone's assault.

Respectfully Submitted

/s/
Kira Anne West, Esq.
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C. 20002
(202)-236-2042
kiraannewest@gmail.com
Attorney for Mr. Daniel Egtvedt

**Certificate of Electronic Service**

I hereby certify that on April 25th, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

 */s/* Kira Anne West
**Counsel for Defendant Egtvedt**

6