**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) No. 1:21-cr-00177-CRC |
| | ) |
| **DANIEL D. EGTVEDT,** | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE IN PART AND OPPOSITION IN PART TO
DEFENDANT'S MOTION IN LIMINE

The United States of America, by and through the United States Attorney for the District of Columbia, hereby responds in part and opposes in part defendant Daniel D. Egtvedts's motion in limine (ECF no. 61).

1. Photographs of what the defendant wore the day before January 6, 2021, and any hotel receipts

The defendant's motion seeks to exclude "photographs of what Mr. Edgvedt [sic, Egtvedt] wore the day before January 6th and any hotel receipts." Defendant's Motion at 1. The government will not seek to introduce into evidence at trial any photographs or images taken of the defendant and/or his clothing on January 5, 2021. The government will not seek to introduce into evidence at trial any hotel receipts.

2. Unspecified Statements and evidence challenged under rule 403 of the Federal Rules of Evidence

The defendant's motion challenges the admissibility of unspecified "statements and evidence," under rule 403 of the

Federal Rules of Evidence, on the grounds that the statements and evidence are purportedly not more probative than prejudicial.  Defendant's Motion at 1.  Presumably, the reference to "statements and evidence" in the defense motion is to the statements and evidence challenged in the defendant's previously filed motion to suppress statements and phone evidence (ECF no. 50), to which the government has filed oppositions.

The defendant's instant motion, however, does not identify which statements or which evidence in particular he is challenging under rule 403.  As several courts in this district have held, "perfunctory and undeveloped arguments" are deemed to be waived by the party making them.  *E.g.*, *United States v. Wright*, 253 F. Supp. 3d 165, 169 n. 5 (D.D.C. 2017); *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013).  Moreover, to be excluded on the grounds of prejudice under rule 403, the challenged evidence must be *substantially* more prejudicial than probative, not merely more prejudicial than probative.  *Perry v. New Hampshire*, 565 U.S. 228, 247 (2012); *United States v. Tucker*, 12 F.4th 804, 822 (D.C. Cir. 2021), *petition for certiorari filed* (Apr. 27, 2022); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger or one or more of the following:  unfair prejudice . . . .")

2

The government will reserve any further response on this challenge until the defendant develops his legal argument further or until he more specifically identifies the statements and evidence he is challenging under rule 403.

3. <u>Evidence of the defendant's medical conditions</u>

The defendant also moves to exclude "any of Mr. Edgtvedt's [sic, Egtvedt's] medical conditions other than the concussion he suffered at the hands of police officers under FRE 403 grounds." Defendant's Motion at 1. This argument is not developed further.

The government will not offer any evidence of the defendant's medical conditions, whether involving an alleged concussion or other conditions, in its case in chief. However, the defendant has provided "Rule 16(b)(1)(C) Notice" indicating that he may call a physician or other expert to present testimony relating to a purported concussion suffered by the defendant (ECF no. 65). The defense, however, has not yet provided the government, as required by the Federal Rules of Criminal Procedure, with the bases and reasons for the expert witness's opinions or the witness's qualifications. *See* Fed. R. Cr. P. 16(b)(1)(C). To the extent the defendant does at some point provide the required pretrial expert witness notice relating to evidence of a concussion, and does so in a timely fashion, and provides in a timely fashion the required notice under subdivision (b) of rule 12.2 of the Federal Rules of Criminal

Procedure,[1] the government reserves the right to use evidence of other medical conditions of the defendant during cross-examination of the expert or in its rebuttal case.

4.   "BWC and CCTV videos" (Defendant's Motion at 1)

The defendant's motion seeks to exclude "certain captions" on "videos and still shots of various video." Defendant's Motion at 2. The motion indicates there are apparently videos and images associated with the riot in which the government has added certain descriptive captions, such as "Rioters Approach," "Breach," "Confrontation," and "Police Line." *Id.* The motion indicates that the defense does not object to added captions that merely reference time and location associated with a video or image. *Id.*

The government will not offer any videos or still images into evidence bearing captions it has created, other than captions that merely indicate time and location.

---

[1]That provision states in pertinent part:

> **(b) Notice of Expert Evidence of a Mental Condition.** If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must-- within the time provided for filing a pretrial motion or at any later time the court sets--notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk.

Fed. R. Cr. P. 12.2(b).

5. <u>"Cell cite (sic, site) evidence" (Defendant's Motion at 3)</u>

The defendant's motion objects to "evidence regarding cell cite (sic, site) location [involving] towers, location, etc." *Id.* at 3. The government will not be presenting cell-site evidence in this case, i.e., records obtained from a cell phone service provider showing the location of cell phone towers that a cell phone was utilizing during calls made or received during a particular time period. Usually, such records are presented in tandem with expert witness testimony explaining to a factfinder how records showing which cell phone tower a phone is utilizing during a call can be used to determine a cell phone's approximate location.

In this case, the government will not be offering such records into evidence or presenting such expert testimony. However, the government has conducted a forensic search of a cell phone device that was seized from the vehicle the defendant was driving when he was arrested. The results of this search include data showing the geographical location, expressed in latitude and longitude, associated with video and image files recovered from the phone. The data show the geographical location of the device that recorded the video or photographed the image, at the time the video was recorded or the photograph was taken. The government intends to offer this data into evidence.

6. <u>Video Montage Exhibits</u>

The defense motion objects to the introduction of two "video montage" exhibits.  Defense Motion at 4.

### The U.S. Capitol Police montage

In the case of one of the montage exhibits, the defense complains that the government intends to offer the exhibit--which consists of an amalgam of video and audio-video recordings of events that occurred in the Capitol or on the Capitol grounds on January 6, 2021--"regardless of whether the defendant was involved in or even saw any of the depicted episodes, entered the Capitol, confronted or disobeyed law enforcement, or committed or aided and abetted the property destruction or assaults depicted in the montage."  *Id.*

First, to be clear, the charges against the defendant in this case **are** based on this defendant, on January 6, 2021, having unlawfully entered the Capitol, having confronted and disobeyed law enforcement, and having committed assaults.  The government does intend to offer a video montage exhibit which includes recordings showing assaults and destruction of property--that occurred at the Capitol or on the Capitol grounds on that date--as to which the defendant was not directly involved in and was not at the specific location where the conduct occurred when it occurred.

The government submits such video evidence is nonetheless relevant to Count Three of the Superseding Indictment.  Under

6

that count, the government must prove that the defendant interfered with a law enforcement officer "engaged in the lawful performance of his duties incident to and during the commission of a civil disorder." 18 U.S.C. § 231(a)(3). The U.S. Code chapter setting forth the offense in that provision defines "civil disorder" as: "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." *Id.* § 232(1).

Significantly, the government is not required to prove that the defendant himself committed, or even aided and abetted the commission of, the requisite civil disorder. Accordingly, it is immaterial that the defendant himself may not have been directly involved in some or even all the events shown in the montage. What matters is that the officers the defendant interfered with were performing duties in connection with the civil disorder, which was ongoing when the defendant interfered with them.

The government expects both officers identified in Count Three, U.S. Capitol Police Officer M.M. and D.C. Metropolitan Police Department Officer M.D., to testify that their duties that day included trying to stop or at least mitigate the civil disorder depicted in the montage.

The Official Proceedings Montage

The second video montage exhibit challenged by the defendant shows audio-video and video recordings of the congressional proceedings that took place in the Capitol, in the House and Senate chambers, on January 6, 2021, relating to the certification of the 2020 Electoral College vote.  The defendant's complaint seems to be no more than that the exhibit is unnecessary and therefore a waste of time, and "confus[ing]" as well, not that it is prejudicial in any fashion.  *See* Defendant's Motion at 5.[2]  In particular, the defendant argues that his charges "do not turn on Twelfth Amendment and Elector Clause niceties."  *Id.*

But one of the charges expressly **does** turn on the Twelfth Amendment and the Elector Clause of the Constitution.  The defendant is charged in Count Four of the Superseding Indictment with violating 18 U.S.C. § 1512(c)(2), by obstructing (and aiding and abetting the obstruction of) an official proceeding. The particular "official proceeding" identified in Count Four is, in fact, "Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution."

---

[2]Immediately after describing these objections to the official proceedings montage exhibit, the defendant's motion makes the point that he "dispute[s] that he himself 'participated in storming the Capitol building.'" Defendant's Motion at 5.  It is unclear to the government what the defendant is quoting from.  At no point during either montage exhibit does the phrase "participated in storming the Capitol building," or anything similar, appear as text or is heard being spoken in the audio.

8

Accordingly, the government is required to prove at trial that that the defendant was obstructing *that* official proceeding. The montage the defendant complains of consists of recordings made on January 6, 2021, of Senators and members of the House of Representatives following the mandate of the Twelfth Amendment, that the votes cast by the Electors, duly appointed by each state pursuant to the Electoral Clause,[3] "be counted."[4] The montage therefore is directly relevant and should be admitted.

7. <u>Other violence</u>

The final area of evidence challenged in the defendant's motion is "any evidence that improperly inflames the jury, such

---

[3]The Electoral Clause of the Constitution provides in relevant part: "Each State shall appoint . . . a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress[.]"  U.S. Const. Art. II § 1.

[4]The Twelfth Amendment provides in pertinent part:

> The Electors shall meet in their respective states and vote by ballot for President and Vice-President . . . ; they shall name in their ballots the person voted for as President, and in distinct ballots the person voted for as Vice-President, and they shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each, which lists they shall sign and certify, and transmit sealed to the seat of the government of the United States, directed to the President of the Senate;--*The President of the Senate shall, in the presence of the Senate and House of Representatives, open all the certificates and the votes shall then be counted*[.]

(emphasis added).

as [MPD] Officer [Michael] Fanone's assault." Defendant's Motion at 6. The government does not intend to offer evidence of the assault on Officer Fanone, one of the more violent incidents during the attack on the on the Capitol, during what will now be a bench trial. The government submits that none of the exhibits it intends to offer, nor testimony it intends to present, will inflame the Court.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY

by:   /s/*Michael C. Liebman*
      Michael C. Liebman
      Assistant United States Attorney
      D.C. Bar no. 479562
      601 D Street, N.W., room 4-1501
      Washington, D.C.  20530
      (202) 252-7243
      michael.liebman@usdoj.gov