UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr- 00177 (CRC) ) |
| DANIEL EGTVEDT, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION TO COMPEL ACCESS TO NON-PUBLIC AREAS OF THE CAPITOL**

Defendant Egtvedt, by and through undersigned counsel, requests that the government be compelled to allow his defense counsel and investigator access to several non-public areas of the Capitol building in order to inspect, photograph and videotape these areas for preparation in his defense. These areas are not available to the public and have not been made available to counsel for photographs on the prior tours of the Capitol designed for defense counsel. Access to these areas is material to Mr. Egtvedt's preparation of his defense against the charges in this matter. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Defendant has made a proper request to inspect and photograph the building, in this case the Capitol building, and now seeks the Court to compel access that has been improperly denied by the government. Rule 16(D), Fed. R. Crim Procedure.

In support of this motion the defendant asserts the following:

1. Undersigned defense counsel have attended two previous tours of the Capitol in preparation for this case and others. As part of these tours we were provided a list of public and non-public walkthrough locations. *See* Ex. 1 Defense Counsel Capitol Walkthrough Locations letter. On this list the Senate Wing Door is designated as non-public. Additionally, despite being labeled as public, during those previous tours, defense

    counsel were told that the Hall of Columns is not a public area and could not be photographed or videotaped despite the fact that our investigator was there for that specific purpose.

2. Defense counsel have been told that if they attempt to deviate from the tour or take pictures in places designated as non-public, such as the Senate Wing Doors, Hallways connecting locations, or the Hall of Columns, they "will be asked to leave the tour and be banned from further tours." *See* Ex. 2 Viewing Letter (relevant portion of letter has been highlighted).

3. At the status hearing on April 28, 2022, this Court ordered undersigned counsel to work with the government counsel to try and gain access to the necessary areas for the purpose of photographing, measuring and recording the designated non-public areas in preparation for Mr. Egtvedt's defense at trial which at that time was set for June 6, 2022. Since that time the trial date has been reset to December 5, 2022.

4. On May 3, 2022, undersigned counsel sent a detailed letter, with attachments and photos, to the government in order to explain the material need for access and the particular places required for inspection and photographing. *See* Ex. 3 Letter to Government Counsel with attachments, 5/3/2022.

5. That same day, the government informed undersigned counsel that they had submitted the letter to the United States Capitol Police General Counsel's Office (USCP GC) and asked for their position.

6. On May 5, 2022, the government informed undersigned counsel that the USCP GS's office had just advised "[w]e cannot accommodate these requests [i.e., the ones referenced in your letter] because of established protocols with our oversight and the House and Senate."

7. Access to the areas stated in the attached letter to government counsel are necessary and relevant to producing evidence for use at trial in Mr. Egtvedt's defense.

8. Reliance at trial on CCTV video recordings of these non-public spaces is incomplete and prejudicial to the defendant. The perspective of these videos is skewed due to the angle of the camera. This distorts distances between objects in an unreliable way. The inaccuracies may alter the weight that might be given to testimony about these videos and especially about distances between objects and persons viewed on the them. Similarly, body worn camera creates difficulties in assessing true distances between objects and officers and cannot be used reliably in this regard.

9. It is material for the defendant to accurately show the relative distance certain officers were to the defendant at various points where he is visible on camera. One officer is seen attacking the defendant with OC spray. The exact distance this spray was deployed cannot be readily ascertained on the video and a reliable measurement is needed to accurately present evidence of the documented effects the spray has on a victim's eyesight, recovery time and pain level. Defendant's ability to see and comprehend his surroundings while in the Capitol is material to the preparation of his defense.

10. Mr. Egtvedt requests this court to order the ability for undersigned counsel and their investigator to access the spaces specifically referenced in the letter attached as Exhibit 3 as part of a crime scene inspection and allow photographs, recordings and measurements to be taken in these areas.

Respectfully submitted,

\_\_\_\_/s/_____
Kira Anne West
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C.  20002
(202)-236-2042
kiraannewest@gmail.com
Attorney for Mr. Daniel Egtvedt

\_\_\_\_/s/_____
Nicole Cubbage
DC Bar. No. 999203
712 H. Street N.E., Unit 570
Washington, D.C. 20002
(703)209-4546
Cubbagelaw@gmail.com
Attorney for Mr. Daniel Egtvedt

Certificate of Service

I certify that a copy of the forgoing was filed electronically via ECF for all parties of record on this 8th day of June, 2022.

\_\_\_\_/s/_____
Kira Anne West
Attorney for Mr. Daniel Egtvedt