**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:21-cr-00177 (CRC)** |
| | : | |
| **DANIEL DEAN EGTVEDT** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT MOTION REQUESTING THE DEPOSITION OF A MATERIAL WITNESS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Joint Motion Requesting the Deposition of a Material Witness.   The parties have learned that Officer M.M., a specified victim in Counts 1 and 3 of the Superseding Indictment (ECF No. 43), is permanently relocating to New Zealand on November 19, 2022.   The parties consulted with each other and agree that taking a deposition of Officer M.M., as opposed to having Officer M.M. testify remotely or fly back from New Zealand for the December 5th, 2022, bench trial, would be the preferred method of receiving Officer M.M.'s testimony for trial.   Accordingly, the parties request the Court order that the deposition of Officer M.M. be taken to preserve her testimony for trial.   *Cf.* Fed. R. Crim. P. 15.   In support of this motion, the parties cite to the following points and authorities:

1. The Defendant, Daniel Egtvedt, is charged in a nine-count Superseding Indictment with various offenses arising out of the January 6, 2021 riots at the United States Capitol.   ECF No. 43.   Count 1 of the Superseding Indictment charges the defendant with assaulting, resisting, or impeding M.M., an officer from the U.S. Capitol Police, while Officer M.M. was engaged in official duties, in violation of 18 U.S.C. § 111(a)(1).   Count 3 of the

Superseding Indictment charges the defendant with Civil Disorder in violation of 18 U.S.C. § 231(a)(3) while Officer M.M and others was engaged in lawful performance of their official duties.

2. The parties agree that Officer M.M. is a material witness in this case.

3. A bench trial is scheduled in this matter before the Hon. Judge Christopher Cooper on December 5, 2022.

4. Officer M.M. is moving permanently to New Zealand on November 19, 2022.  Officer M.M. indicated that she is willing to fly back form New Zealand to Washington for the December trial if needed.   Officer M.M. is, therefore, not "unavailable" as a witness.  *See United States v. Warren*, 713 F. Supp. 2d 1, 4 (D.D.C. 2010) ("A witness who resides abroad and outside the reach of a court's subpoena power is not automatically 'unavailable' without a further showing that he or she will not testify in court.").

5. While Officer M.M. is willing to fly back from New Zealand to Washington D.C. to testify at the December trial, such travel arrangements would come at considerable expense to taxpayers and complicate scheduling for a bench trial that is not expected to last more than one week.   Additionally, although advances in courtroom technology and video teleconferencing allow for the taking of remote testimony through video conference, technical difficulties including frozen screens, weak connections, and audio issues often arise during remote testimony.

6. The government and defense conferred regarding Officer M.M.'s testimony and agree that in-person testimony, as opposed to remote testimony via video conference, is preferred.

- 2 -

7. The parties request the Court order that the deposition of Officer M.M. be taken prior to November 19, 2022, so that the parties may preserve and use Officer M.M.'s testimony at trial.  *Cf.* Fed. R. Crim. P. 15.1.

8. Federal Rule of Criminal Procedure 15 provides that a "party may move that a prospective witness be deposed in order to preserve testimony for trial." Once a party moves for a deposition, the court may grant the motion "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).   The Federal Rules of Criminal Procedure do not define either condition of "exceptional circumstances" or "in the interests of justice" for the grant of pre-trial depositions in a criminal case. *United States v. Sanford, Ltd.*, 860 F. Supp. 2d 1, 4 (D.D.C. 2012).

9. Here, allowing for M.M.'s testimony to be taken by deposition would save considerable taxpayer expenses, as well as facilitate an efficient bench trial before the Court.

10. Additionally, the defendant would be able conduct a "full and effective" cross-examination of Officer M.M. that would be no different than if her testimony were received by the Court during the bench trial.  *Cf. United States v. Abu Khatallah*, 282 F. Supp. 3d 279, 283 (D.D.C. 2017); Fed. R. Evid. 804(b).

11. Moreover, because the defendant has elected to waive his right to trial by jury and proceed by a bench trial, taking Officer M.M.'s testimony by deposition will not deprive a jury of the opportunity to view or assess the witness.  *See United States v. Ismaili,* 828 F.2d 153,

---

[1] The defendant is reserving the right to recall Officer M.M. during the defense case should an issue arise after the deposition or during trial.  The government agrees to not object to Officer M.M. testifying remotely should the defendant elect to call her as a witness in the trial.

156 (3d Cir.1987) ("The concept of having depositions is an inferior technique for presenting these witnesses to a jury.").

12. The parties agree that the scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial.  The government also agrees to provide the defense with any of M.M.'s statements, for use at the deposition, to which the defendant would be entitled at trial.

13. The parties further agree that should the Court grant the joint motion for the deposition of M.M., the admissibility of part or all the deposition at the defendant's trial shall be determined by the Federal Rules of Evidence.  *Cf.* Fed. R. Crim. P. 15(f).

14. If the Court were to grant the Joint Motion, the parties further request that, if the Court is available, the Court preside over the deposition so that the Court could rule on any objections that may arise during the deposition and have an opportunity to evaluate Officer M.M.'s testimony in person.   The parties and witness are available to take the deposition any date between November 7, 2022, and November 17, 2022, with the exception of November 9th and 10th.

**CONCLUSION**

WHEREFORE, the government and defense respectfully request the Court grant the parties' Joint Motion Requesting the Deposition of a Material Witness and order the deposition of Officer M.M. be taken to preserve Officer M.M.'s testimony for use at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

 /s/ Colleen D. Kukowski
Colleen D. Kukowski
Assistant United States Attorney
D.C. Bar No. 1012458
Colleen.Kukowski@usdoj.gov
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2646

CERTIFICATE OF SERVICE

I certify that a copy of the Joint Motion to Requesting Deposition of Material Witness was served on all counsel of record via the Court's electronic filing service.

 /s/ Colleen D. Kukowski
COLLEEN D. KUKOWSKI
Assistant United States Attorney

Date:   November 1, 2022

- 5 -