IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 21-177 (CRC) |
| | ) | |
| | ) | |
| DANIEL D. EGTVEDT. | ) | |

**DEFENDANT'S MEMO ON RELEVANCE OF CERTAIN EVIDENCE & OTHER MISCELLANY**

Pursuant to this Court's order from the bench on November 17, 2022, defendant files this brief on relevance as to certain evidence noted by the Court that the Court should consider at the bench trial in this case and other miscellaneous evidentiary issues that recently came to light by the defense.

A.  Relevance of certain evidence

This Court posed the question to the parties, why is any evidence relevant after Mr. Egtvedt hits his head on the marble column? In sum, the defense believes some evidence subsequent to this time is relevant to the credibility of the police officers that will be called by the government and/or the defense. During the deposition of Ms. Marshall, this Court saw video evidence of two police officers throwing Mr. Egtvedt out the door after being pushed into the marble column by multiple police officers on November 17, 2022. This is particularly relevant as one of the officers, USCP Officer Connor Rhodes, stated on more than one occasion that Mr. Egtvedt "threw himself into the door." His statements go to his credibility as a witness at trial and are relevant to show motive to lie because he just witnessed other officers assault Mr. Egtvedt. Additionally, another officer' statement captured on Body Worn Camera and who watched the entire scuffle is heard saying "they wanna dance with him." This officer repeats this

1

to the officer alleged to have been assaulted by Mr. Egtvedt and that officer agrees that the USCP officers who tossed him out the door were doing so in an attempt to "dance" with Mr. Egtvedt. This comment shows that Mr. Egtvedt was not the aggressor in the Hall of Columns, but rather it was the police that were the aggressors and in fact they themselves assaulted Mr. Egtvedt, not the other way around.  This assault was started by Ms. Marshall who is 30 years old, a  former Capitol Police Bicycle cop who took it upon herself to get people out of the Hall of Columns. They assaulted him, not the other way around.

      The lack of any hint of Mr. Egtvedt assaulting any officer on the  BWC video or audio in the minutes after he was thrown into the column is also very relevant. Undersigned counsel pointed out that Ms. Marshall failed to file a use of force report which is required by the rules and not one police officer of the at least 15 standing within 5 feet of Mr. Egtvedt thought to handcuff him for assault or any other crime. The silence of Ms. Marshall, an officer who was running things in this corridor failed to even ask any officer to handcuff Mr. Egdvedt, nor did she herself attempt to handcuff him. This Court must judge the credibility of Ms. Marshall and other officers based not only on her testimony but also based on what the video and audio evidence shows subsequent to Mr. Egtvedt being pushed into the column.

      In addition, defense counsel  and the government still cannot identify key witnesses for the defense of Mr. Egtvedt. Of particular importance is a U.S. Capitol Police officer that is beating multiple individuals at the senate wing doors for a period of at approximately 20 minutes through a window with his night stick or something similar and is also the officer seen on CCTV video spraying point blank Mr. Egtvedt in the eyes.  The government  has indicated that  they have asked  several other  U.S. Capitol police officers for help in identifying this officer but have come up empty handed yet continue to ask.  The defense is not aware what the prosecution

has done to secure the identity of this most important officer but just recently defense counsel was shown the government roster list (albeit redacted) which lists every USCP CDU officer on duty that day. The unidentified officer was wearing a CDU uniform and this is clearly visible in the CCTV and photograph taken by the defendant that was given to the government months ago to aid in the identification of this important defense witness. Without identification of this officer, the defense is unable to search the relativity database for use of force reports generated by this officer on January 6, 2021 or any other material that would show this officer violated USCP protocols that day when spraying a peaceful citizen with OC spray at point blank range. These reports are critical because it goes to the credibility of the police officers, substantiates Mr. Egtvedt's fear of being further attacked by police that day and the effect the spray had on Mr. Egtvedt's eyesight and orientation to his surroundings on January 6th.

Any conduct after Mr. Egtvedt is tossed out of the Capitol through the Hall of Columns vestibule doors is irrelevant to the charges in this case. The government indicated that they wish to admit Mr. Egtvedt's conduct after he is thrown out and the letters he wrote soon after his arrest and jailing at Garrett County. Again, these letters are not relevant to any of Mr. Egtvedt's actions on January 6th, nor are they reliable as Mr. Egtvedt was suffering from an untreated concussion and not taking all of his medicines. And even if the Court believed they are somewhat relevant, their unfair prejudice is outweighed by their probative value.

B.   Objections to exhibits

Finally, as the amended pretrial order states, the parties were to exchange objections to the exhibits "to the extent practicable…" See ECF No. 86. The order also states "The written list of exhibits must contain a brief description of each exhibit." The preliminary exhibit list of the government did not contain a brief description of each exhibit and therefore there may be additional

objections by the defense.  *See e.g.,* exhibit list of gov't for deposition of MM. For example, one of the government exhibits is listed as "you tube interview video."  The defense has reviewed hundreds of you tube videos in these cases.   The defense objects to the following exhibits that were produced as government exhibits and uploaded to USAFX on November 29, 2022:

--Ex. 101.78: video of crowd outside Marriott Hotel at nighttime - relevance

--101.427: meme from internet "Peaceful Transition"-relevance

--101.424: photograph "selfie" of Mr. Egtvedt taken on January 7, 2021-relevance

--Government exhibit #101 cellebrite  extraction report, any pictures before or after January 6, 2021. --The government lists a photo from March 2020 and the defense fails to see the relevance. This is a perfect example of government overreach into citizens private lives.

--from Cellebrite extract page one – ex.101:2 pictures of guns

--405: Ruptly video taken after Egtvedt has been thrown out the vestibule doors.

                                Respectfully submitted,

                                KIRA ANNE WEST

By:         /s/
      Kira Anne West
      DC Bar No. 993523
      712  H Street N.E., Unit  509
      Washington, D.C.  20002
      Phone:   202-236-2042
      kiraannewest@gmail.com

### CERTIFICATE OF SERVICE

     I hereby certify on the 28th  day of November, 2022 a copy of same was delivered to the parties of record, by ECF  pursuant to the Covid standing order and the  rules of the Clerk of Court.

                                      /S/
                                 Kira Anne West