```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :
                                :
        v.                      :    1:21-cr-00177-CRC
                                :
                                :
DANIEL D. EGTVEDT,              :
                                :
    Defendant.                  :
```

GOVERNMENT'S MOTION TO PRECLUDE DEFENSE EXPERT WITNESS TESTIMONY

The United States of America, by and through the United States Attorney for the District of Columbia, and pursuant to rule 16(d)(2) of the Federal Rules of Criminal Procedure, moves the Court to preclude any expert witness testimony in the defense case, in light of the failure of the defense to provide adequate pre-trial expert witness notice.

Background

The defendant has been charged in a nine-count Superseding Indictment with various charges relating to his participation in the January 6, 2021 Capitol riot. He has pled not guilty. On June 8, 2022, the Court set the matter for a bench trial to commence on December 5, 2022. On November 17, 2022, the Court ordered from the bench that the defense must provide the government with expert witness notice, as required by rule 16(b)

of the Federal Rules of Criminal Procedure, no later than 10 days before trial, i.e., by November 25, 2022.[1]

On that date counsel for the defense sent the government, via email, a one-page letter purporting to provide expert witness notice regarding the anticipated testimony of one Kelly Rock, a Doctor of Nursing Practice. A copy of the letter is attached here as an Exhibit. The email also included as attachments, certain medical records and a nine-page curriculum vitae of Ms. Rock.

## Argument

Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure provides:

> (C) Expert Witnesses.
>
> (i) Duty to Disclose. At the government's request, the defendant must disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 [governing expert witness testimony] during the defendant's case-in-chief at trial, if:

---

[1] Earlier, on April 25, 2022, the defense had provided expert witness notice that it "may call as a witness at trial one of [the defendant's] medical doctors or a similarly suitably qualified expert." Defendant's Rule(16)(b)(1)(C) Notice (ECF no. 65), at 1. That one-page Notice went on to state that "Shitiz Sriwastava, a Neurologist, may testify regarding Mr. Egtvedt's concussion." *Id.* Based on the government's recent discussions with defense counsel, it is the government's understanding that the defense will not be calling Dr. Sriwastava.

The verbal scheduling order issued by the Court on November 17, 2022, was prompted by the government advising the Court, during that proceeding, that the defense had recently indicated to the government they would be calling one Brian Landers as an expert on the use of pepper spray, but had not provided any notice of Mr. Landers's expected opinions. The defense has since advised the government that they will not be calling Mr. Landers.

- the defendant requests disclosure under (a)(1)(G) [pertaining to government expert witnesses] and the government complies; or

- the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

(ii) Time to Disclose.  The court, by order or local rule, must set a time for the defendant to make the defendant's disclosures.  The time must be sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence.

(iii) Contents of the Disclosure. The disclosure for each expert witness must contain:

- a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;

- the bases and reasons for them;

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

The defense has, in fact, requested pretrial notice of any government expert witness pursuant to rule 16(a)(1)(G).  The government has "complie[d]" with the request--it will not be calling any expert witnesses.  Accordingly, the defendant's reciprocal expert witness obligation has been triggered.

3

However, the expert witness notice for Ms. Rock is completely inadequate as the defense's November 25, 2022 letter makes clear. That letter describes Ms. Rock's anticipated testimony merely as follows:

> [Ms. Rock] has been treating [the defendant] for more than a year for various medical issues and the concussion he suffered on January 6, 2021. Moreover, she has been treating him for other medical issues.
>
> She will testify that [the defendant's] prior treating physician retired in 2020 and he sought new medical advice.

The government submits that these representations are far from the "complete statement" required by rule 16(b)(1)(C). Presumably, the defense intends to elicit from Ms. Rock the precise "various" and "other" "medical issues" for which she has been treating the defendant. The government is therefore entitled to know what those medical issues are, prior to her testimony. Moreover, it is unclear from the notice that Ms. Rock whether Ms. Rock will opine, as an expert, that the defendant suffered a concussion on January 6, 2021, as opposed to merely testifying that she has assumed he suffered a concussion on that date and is therefore treating him for it. If it is the former, the government is entitled to express notice to that effect. If it is the latter, the government is

4

entitled to know in what manner she has been treating the defendant.

Under rule 16(d)(2), when a party does not comply with its obligation of pretrial expert witness notice, the Court has the authority to "prohibit that party from introducing the undisclosed evidence . . . enter any other order that is just under the circumstances." Fed. R. Cr. P. 16(d)(2).  As the Court of Appeals for the D.C. Circuit has held, the purpose of rule 16's expert notice requirements "is to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  *United States v. Day*, 321 U.S. App. D.C. 48, 59, 524 F.3d 1361, 1372 (2008) (internal quotation marks omitted), cert. denied, 524 U.S. 1361 (2008).

Given that to date, one day before commencement of trial, the defense has given no adequate expert witness notice, the defense should be barred from eliciting expert opinions from Ms. Rock or from any other witness.  A proposed Order is attached.

5

Respectfully submitted

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


by:   /s/ *Michael C. Liebman*
      Michael C. Liebman
      Assistant United States Attorney
      D.C. Bar No. 479562
      601 D Street, N.W., room 4-1501
      Washington, D.C.  20530
      (202) 252-7243
      michael.liebman@usdoj.gov