*leave to file*
*Granted.*
*C Cooper, USDJ*
*5/30/23*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

United States of America,

v.

Daniel Dean Egtvedt,

                    Defendant.

Criminal Action No. 21-00177 (CRC)

Honorable Christopher R. Cooper

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28, applicants Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Applicants") seek access to certain exhibits in this criminal case. Applicants are United States Capitol Police officers harmed during the January 6, 2021 attack on the U.S. Capitol (the "Attack"). The exhibits that Applicants seek are relevant to Applicants' civil action, *Smith v. Trump*, No. 21-cv-2265 (D.D.C.), against certain defendants for harming them in the course of the Attack. In particular, Applicants include officer Melissa Marshall, who was the officer that Defendant Egtvedt forcibly resisted and impeded, as this Court determined after trial in this matter.

For the reasons stated herein, Applicants respectfully request that the Court order the Government to allow Applicants to access and download all exhibits admitted during the trial in the above-captioned matter (the "Trial Exhibits"), including downloadable documentary, photographic, and videographic exhibits. Applicants request access to the Trial Exhibits via the electronic "drop box" solution outlined in Standing Order No. 21-28, which governs public access to video exhibits in criminal cases arising from the Attack.

1

Discovery in Applicants' pending civil case has commenced, and the Trial Exhibits are relevant to establishing Applicants' claims in the case. Applicants' claims include assault, which requires showing apprehension of harmful or offensive contact, and battery, which requires showing an intentional act that causes harmful or offensive bodily contact.

On December 16, 2022, Defendant Egtvedt was convicted of forcibly resisting and impeding Applicant Marshall. The Trial Exhibits depict, and are otherwise relevant to, Defendant Egtvedt's conduct leading up to and during the Attack, in and around the Capitol, where Egtvedt's interaction with Marshall occurred. *See* Dkts. 107-108. Most, if not all, of the Trial Exhibits are not currently available on the Court's Case Management/Electronic Case Filing (CM/ECF) system. As members of the public—who include Applicant Marshall, a victim of Egtvedt's use of force—Applicants have a right to access documents submitted at trial, and some exhibits in this case at the pre-trial stage appear to have been made available to the media to access and download via a drop box. *See* Minute Order granting in part and denying in part petitioners' 1 Application for Access to Certain Sealed Video Exhibits, *In re Application for Access to Certain Sealed Video Exhibits*, 1:21-mc-00085-CRC (D.D.C. June 24, 2021). Accordingly, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits via an electronic drop box.

In further support of this application, Applicants state as follows.

## LEGAL STANDARD

1.      Local Criminal Rule 57.6 of the United States District Court for the District of Columbia provides that any interested person (other than a party or a subpoenaed witness) "who seeks relief relating to any aspect of proceedings in a criminal case . . . shall file an application for

such relief with the Court." The application must include "a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." *Id.*

2.       Standing Order No. 21-28 (the "Standing Order") provides that, to obtain access to video exhibits in a criminal case "arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')," a non-party must file an application under Local Criminal Rule 57.6. Standing Order at 5; *see also In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *8 (D.D.C. July 2, 2021) (noting the Standing Order "provides mechanisms for public and media access to video exhibits for this Court"). If the application is granted, the Government must make the video exhibits available using a "drop box." Standing Order at 5-6. The judge may further order that the Government permit the non-party to download the video exhibits. *Id.* at 6.

## STATEMENT OF INTEREST

3.       Applicants seek to access and download the Trial Exhibits, which are relevant to their claims in the pending civil case *Smith v. Trump*, No. 21-cv-2265 (D.D.C.).

4.       Applicants are eight United States Capitol Police Officers who defended the Capitol from attackers on January 6, 2021. They are plaintiffs in *Smith*, a lawsuit alleging, *inter alia*, that several defendants conspired to use force, intimidation, and threats to prevent Congress from certifying the 2020 presidential election results and aided and abetted others in assaulting and battering plaintiffs. *See* Am. Compl. ¶¶ 1–10, 199-210, *Smith*, No. 21-2265 (D.D.C. Dec. 3, 2021), Dkt. 89 (hereinafter "*Smith Am. Compl.*").

5.       On January 26, 2023, the district court in *Smith* granted in part and denied in part motions to dismiss by various defendants, permitting the case to proceed to discovery. *See generally* Mem. Op. & Order, *Smith*, No. 21-2265 (Jan. 26, 2023), Dkt. 179. Applicants' claims

3

for assault, battery, and conspiracy under 42 U.S.C. § 1985 survived that motion against at least some of the Defendants. *Id.*

6.      The Trial Exhibits are relevant to Applicants' claims in *Smith*. To state a claim for assault, "a plaintiff must show that he suffered apprehension of harmful or offensive contact and that a reasonable person in his position would have experienced such apprehension." *Collier v. District of Columbia*, 46 F. Supp. 3d 6, 14 (D.D.C. 2014). A plaintiff establishes a claim for battery "by proving an 'intentional act that causes harmful or offensive bodily contact.'" *District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003). Similarly, Applicants brought claims under 42 U.S.C. § 1985, which requires showing that a party "was injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States." In sum, those claims all require proof of an injury or apprehension of such an injury.

7.      As alleged in Applicants' civil action, while helping to clear the Capitol, Marshall was physically assaulted by one of the people who had attacked it. *Smith Am. Compl.* ¶ 161.

8.      Defendant Egtvedt was found guilty of forcibly resisting and impeding Marshall as she tried to direct him towards the exit of the Capitol, Tr. of Bench Trial Verdict, Dkt. 114 at 4:9-10, and he was also found guilty of doing so with the intent to obstruct an official proceeding, under 18 U.S.C. § 1512(c)(2), *see* Dec. 16, 2022 Minute Entry for Bench Trial held before Judge Christopher R. Cooper; Tr. of Bench Trial Verdict, Dkt. 114 at 7:15-24.

9.      The Trial Exhibits depict Defendant Egtvedt's conduct in and around the Capitol and his interaction with Marshall. *See* Dkts. 107-108. This evidence is relevant to establishing Applicants' Section 1985, assault, and battery claims. *See, e.g., Tarquinii v. Del Toro*, No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023) ("Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear

4

on any party's claim or defense.'" (citations omitted)). In particular, exhibits documenting the actions of Marshall or Egtvedt, or other scenes of the Attack may show how Marshall and other U.S. Capitol Police officers were attacked. The exhibits may also show the intensity of the Attack, and how the attackers cooperated and were aided and abetted by others present during the Attack, all of which may help substantiate Applicants' claims and inform the discovery strategy in their civil action.

10.     Accordingly, the Trial Exhibits are relevant to Applicants' claims in *Smith*.

## STATEMENT OF FACTS

11.     Following a bench trial, the Court found Defendant Egtvedt guilty of resisting or impeding certain officers, including Marshall, in violation of 18 U.S.C. § 111(a)(1), and of doing so with the intent to obstruct the certification of the election, in violation of 18 U.S.C. § 1512(c)(2). Tr. of Bench Trial Verdict, Dkt. 114 at 7:22-24, 9:21-23, 20:15-16. Specifically, the Court found that "Mr. Egtvedt used force to resist Officer Marshall's efforts to redirect him towards the exit of the Capitol," and concluded "beyond a reasonable doubt that Mr. Egtvedt resisted Officer Marshall in an effort to remain in the Capitol so as to further obstruct the election certification." *Id.* at 4:9-10, 7:19-21.

12.     During the trial, the Court received into evidence Government exhibits relevant to Defendant Egtvedt's conduct, including overview exhibits (Exs. 1-9b), U.S. Capitol Police CCTV videos (Exs. 201-213), Metropolitan Police Department (MPD) body-worn camera footage (Exs. 301-303, 304, 306, 309-310), relevant metadata from Egtvedt's cellphone (Ex. 101), what appears to be communication by Egtvedt during the Attack (Ex. 101.469), what appear to be documents indicating Egtvedt's conduct and state of mind leading up to the Attack and after the Attack (Exs. 503, 505-506), and several additional videos and images depicting Egtvedt, other attackers, and

5

police officers at various places in and around the Capitol (Exs. 101.41-101.424, 401-405), including a photograph showing Marshall (Ex. 601). *See* Dkt. 107.

13.     The Court also admitted exhibits submitted by Defendant Egtvedt, including images, videos, and related metadata from Egtvedt's cellphone of his activities leading up to and during the Attack (Exs. 100-105, 301-303, 306-322, 325-328, 330-335), images and videos of the Attack from other sources (Exs. 404-405), U.S. Capitol Police CCTV footage (Exs. 1, 500-503B, 505-507, 700A-709C, 900-900C) and documents (Exs. 1001A-1001B, 1001H, 1002B), and MPD body-worn camera footage and images (Exs. 800-804A). *See* Dkt. 108.

14.     As they relate to the experiences of Applicant Marshall and the other Applicants on January 6 in an around the Capitol leading up to and during the Attack, the exhibits identified by the Government and Defendant Egtvedt are relevant to Applicants' claims in their civil action.

## ARGUMENT AND PRAYER FOR RELIEF

15.     Applicants are entitled to access the Trial Exhibits under both common law and the First Amendment. "The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *4 (D.D.C. July 2, 2021) (citation omitted). Indeed, "[c]rime victims, just like members of the public, have a general, qualified right to inspect and copy public records and documents, including judicial records and documents." *United States v. Moussaoui*, 483 F.3d 220, 234 n.10 (4th Cir. 2007) (quotation omitted).

16.     There is a "strong presumption in favor of public access to judicial proceedings, including judicial records," under common law. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); *see also, e.g., In re Press & Pub.*

*Access to Video Exhibits in Capitol Riot Cases*, No. MC 21-46 (BAH), 2021 WL 1946378, at *4 (D.D.C. May 14, 2021) (video exhibits in Capitol Cases "are undoubtedly judicial records to which the presumption of public access attaches"). Likewise, "public access to criminal trials forms the core" of the First Amendment right to a public trial in all criminal prosecutions. *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *5 (citation omitted).

17.    That presumption is incontestable where, as here, the requested judicial records were submitted at trial. *See, e.g., Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial.").

18.    The public interest in the Trial Exhibits is even greater in this case, which concerns the January 6, 2021 attack on the Capitol. Indeed, the Standing Order recognizes the "significant public . . . interest" in the Capitol Cases. Standing Order at 2. The Trial Exhibits "are not just important evidence in individual criminal proceedings but are vital evidence of what happened on January 6 when rioters stormed the U.S. Capitol grounds and building." *See In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *7. Thus, this Court has granted non-parties the ability to access and download trial exhibits in several Capitol Cases. *See, e.g.*, May 23, 2022 Minute Order granting The Press Coalition's 362 Motion to Access Video Exhibits; Minute Order, *United States v. Cua*, No. 21-cr-107 (D.D.C. May 15, 2023) (granting these Applicants' request for trial exhibits); Minute Order granting The Press Coalition's 415 Motion to Access Trial Exhibits, *United States v. Rhodes*, No. 22-cr-00015-APM (D.D.C. Dec. 12, 2022).

19.     Indeed, the Court has previously permitted the media to download and access certain exhibits from this case at the pre-trial stage. *See* Minute Order granting in part and denying in part petitioner's 1 Application for Access to Certain Sealed Video Exhibits, *In re Application for Access to Certain Sealed Video Exhibits*, 1:21-mc-00085-CRC (D.D.C. June 24, 2021). In other cases, this Court also has permitted non-parties to access and download any trial exhibits, including non-video exhibits, that have not been otherwise restricted for dissemination. *See* Order, *United States v. Robertson*, 1:21-cr-00034-CRC (D.D.C. Apr. 1, 2022), Dkt. 77 at 1 ("The admitting party shall make available to media at the end of the trial day a copy of *any admitted exhibit* that has been published to the jury and not restricted by the Court for dissemination" (emphasis added)); *see also* Order, *Rhodes*, No. 22-cr-00015-APM (D.D.C. Sept. 20, 2022), Dkt. 327 at 3 (ordering the same); Press Coalition's Application for Access to Trial Exhibits, *Rhodes*, No. 22-cr-00015-APM (D.D.C. Dec. 2, 2022), Dkt. 415 at 2 ("[T]he Government made hundreds of submitted exhibits available . . . through the USAfx 'drop box'.").

20.     Accordingly, the requested Trial Exhibits, including documentary, photographic, and videographic exhibits that can be downloaded via a drop box, are a matter of public record and should be made readily available to Applicants.

## CONCLUSION

For the foregoing reasons, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits through an electronic drop box.

Dated: May 25, 2023                          Respectfully submitted,

                                             */s/ Edward G. Caspar*
                                             Edward G. Caspar, D.C. Bar No. 1644168
                                             Lawyers' Committee for Civil Rights Under Law
                                             1500 K St. NW, Suite 900
                                             Washington, DC 20005
                                             (202) 662-8390

ecaspar@lawyerscommittee.org

*Counsel for Applicants*