# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CRIMINAL ACTION NO.** |
| | ) | |
| Plaintiff, | ) | **1:21-CR-00177-CRC-001** |
| | ) | |
| v. | ) | |
| | ) | |
| **DANIEL DEAN EGTVEDT,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR RELEASE PENDING APPEAL

Defendant, Daniel Dean Egtvedt, hereby moves this Court to order his release pending resolution of his appeal and, in support of this motion, sets forth the following facts and argument:

**I**

The authority for release pending appeal is found in 18 U.S.C. § 3143(b). In order to qualify for release under 18 U.S.C. § 3143(b), a convicted defendant must demonstrate:

(1) By clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) That the appeal is not for purposes of delay;

(3) That the appeal raises a substantial question of law or fact that if determined favorably to the defendant on appeal, will likely result in a reduced sentence to a term of imprisonment less than the...expected duration of the appeal process.

For purposes of applying the statute, "a substantial question is a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

## II

On or about March 16, 2023, this Court sentenced Mr. Egtvedt to 42 months imprisonment after determining his Offense Level under the United States Sentencing Guidelines to be 25. *See* Sentencing Transcript at 20, 87.

Significantly, the Court overruled Mr. Egtvedt's objection to an eight-level enhancement under U.S.S.G. § 2J1.2(b)(1)(B) for causing or threatening physical injury to a person in order to obstruct the "administration of justice," and a three-level enhancement under U.S.S.G. § 2J1.1(b)(2) for substantial interference with the "administration of justice." In doing so, the Court rejected Mr. Egtvedt's argument that the "administration of justice" as applied in U.S.S.G. § 2J1.1 did *not* include an attempt to interfere with the counting of the Electoral College vote. *See* Sentencing Transcript at 19.

But for the application of the eight and three-level enhancements discussed above, Mr. Egtvedt's Offense Level would have been 14, and his guideline imprisonment range would have been 15-21 months.

To date, Mr. Egtvedt has been in custody for approximately 13 months. This includes almost 2 months in pretrial detention (*see* PSR at 2) and approximately 11

months since he reported for service of his sentence on April 25, 2023. When good-time credit is included in this calculation, the 13 months served is the equivalent of a sentence of approximately 15 months. That would be at the low end of Mr. Egtvedt's sentencing guideline imprisonment range had the two enhancements in question not been applied.

### III

On March 1, 2023, the United States Court of Appeals for the District of Columbia decided *United States v. Brock*. 2024 WL 875795 (D.C. Cir. March 1, 2023). The unanimous three-judge panel concluded that the "administration of justice" for purposes of U.S.S.G. § 2J1.2 does *not* include the counting of the Electoral College vote. *Id*. at 8-15.

While the mandate has not issued in *Brock*, that is irrelevant for purposes of this motion. The relevant question for this motion is whether this Court's ruling on Mr. Egtvedt's objections to the enhancements it imposed under U.S.S.G. §§ 2J1.2(b)(1)(B) and 2J1.1(b)(2) "very well could be decided the other way." *Perholtz*, 836 F.2d at 855. Clearly, the opinion in *Brock* indicates that Mr. Egtvedt's objection to these guideline enhancements could, indeed, be decided the "other way" from this Court's rejection of the arguments.

### IV

Mr. Egtvedt's appeal had been stayed by the Court of Appeals pending the

resolution of *Brock* by the United States Court of Appeals and *United States v. Fischer,* No. 23-5572 by the United States Supreme Court. Nevertheless, as discussed above and based upon the holding in *Brock,* Mr. Egtvedt's offense level should be reduced to *no greater* than 14 and, when good-time credit is included, Mr. Egtvedt has served a sentence equivalent to the low end of his reconstituted sentencing guideline imprisonment range.

With regard to the other prongs of 18 U.S.C. § 3143(b), this Court has previously made findings that Mr. Egtvedt is neither a flight risk nor a danger to the community both when releasing Mr. Egtvedt pretrial and then when allowing him to self-report for the service of his sentence. *See* Sentencing Transcript at 93. ("The Court finds by clear and convincing evidence that the defendant does not present a risk of flight or a danger to the community...."). It is also beyond cavil that Mr. Egtvedt's appeal is not for the purpose of delay given that his appeal raised the same issues as were successfully raised in *Brock*.

In sum, this Court should release Mr. Egtvedt pending final resolution of his appeal and resentencing on any conditions the Court believes appropriate.

        Respectfully submitted,

        /s/ F. Clinton Broden
        F. Clinton Broden
        TX Bar No. 24001495
        Broden & Mickelsen
        2600 State Street
        Dallas, Texas 75204
        (214) 720-9552
        (214) 720-9594 (facsimile)
        clint@texascrimlaw.com

        Attorney for Defendant
        Daniel Dean Egtvedt

**CERTIFICATE OF SERVICE**

I, F. Clinton Broden, certify that on March 25, 2023, I caused a copy of the above document to be served via electronic filing on all counsel of record:

/s/ F. Clinton Broden
F. Clinton Broden